Tilshman C. J.
The first objection that is made to a new trial in this case, is, that there have already been two verdicts for the defendant. It is in general a very powerful objection, but there is in this case something which makes it an exception to the general rule. On the first trial, the only difficulty on the part of the plaintiff, submitted by the court in their charge to the jury was, the making out their chain of title, by proving a conveyance from John Hamilton to John Ross. On the second trial, the cause turned on a different point. It was necessary for the plaintiffs to show, that a warrant granted to a certain James Patterson had been vacated, because the defendants sheltered themselves under that warrant. A vacating warrant was given in *evidence by the plaintiffs; to counteract which, the defendant produced an extract from the books of the receiver general showing that Patterson had paid 151. on account of the land. It was then argued by the defendant that the proprietaries had no right to vacate a warrant, where part of the purchase money had been paid, and such was the opinion of the court, in the charge to the jury. It appears to me that the law was laid down too broadly in this opinion. For although I shall not now enter into the principles of the law respecting vacating warrants, and I am far from saying that the proprietaries could vacate a warrant on which part of the purchase money had been paid without the consent of the warrantee, yet surely on an arrangement made between the warrantee and a third person, the proprietaries might at their joint request vacate the warrant, and the plaintiffs contended that such was the case at present. I am strongly impressed with the opinion that the justice of this case requires a new trial. The books of the receiver general appear to have been kept in an obscure manner, and it is the practice of the officers who have the custody of those books, to deliver certified copies of any particular extracts which may be applied for. Hence it may happen, and I think it did happen in this case, that the jury had no opportunity of judging *167 of the true state of facts as they appeared on the whole account in the books of the receiver general. Justice requires, that before this title is finally decided, an opportunity should be afforded to the jury of determining it on a full view of facts. I shall avoid entering into a detail of the merits, but there are two or three circumstances which strike my mind very forcibly. The defendants, or those under whom they claim, came into possession, and continued long in possession under the common ancestor of themselves and the plaintiffs. They have had the possession of the title papers; and when certain papers were called for, proved by Mr. M’Cullough to have been in the hands of Mary Mitchell, no satisfactory answer was given. It does not appear that Pattei'son ever claimed the land, from the time of the vacating of his warrant, till his conveyance to James Mitchell in the year 1770; and then the sum of five shillings was the consideration money for the purchase of a very valuable -estate. If this verdict stands, the plaintiffs will be barred by the act of *1 imitations. Under all these circumstances, I cannot think that justice will be fairly administered without a new trial.
Yeates J.
It appears to me that this cause merits re-examination by another jury. I abstain from giving any decided opinion on the title to the premises in question ; but I am satisfied that there are reasonable grounds of doubt, that justice has been done by the verdict. I feel myself at liberty to state, that the children of John Mitchell have been hardly dealt with by James Mitchell their elder brother, from the weight of evidence. It is a case of great value, and the merits of the contending parties are much better understood than on the former trials. I think there was surprise on the plaintiff’s counsel when the invalidity of the vacating warrant was so strongly pressed in the charge of the court, without paying that respect to the acquiescence of James Patterson for above thirty years with the claim under that vacating warrant, which that circumstance deserved. It appears also to me, that the defendant after being called upon by due notice to exhibit the papers shown to Pobert M’Cullough, giving no account thereof on oath or affirmation or otherwise, by way of explaining that transaction, furnishes a strong argument in favor of the plaintiff’s motion. If this verdict be affirmed, the lessors of the plaintiff will be for ever barred from their claim, however just it may be, by the act of limitations.
For these reasons, I concur in opinion that the verdict be. *168 set aside, and the record be remitted to the Court of Common Pleas for a new trial.
Brackenridge J.
So far as the motion for a new trial goes on the ground of being against evidence, its being after two verdicts the same way, I will not say would be an objection altogether insuperable, though certainly not easily to be got over. Rut on the ground of misdirection by the judge in point of law, there is not the like difficulty in setting aside a verdict and granting a new trial. Éor as to matter of fact and the conclusion to be drawn, it is the province of the jury, subject to the superintendence of the court, which it behoves them to exercise with discretion. But, as to matter of law, the court have an unlimited and *s ^eir duty to set right wherever there has been a misdirection in matter of law. The judge, in this case, would appear to me to have erred in his idea of the issuing a vacating warrant, which, he would seem to have thought, could not issue, the money having been paid, without the consent of the warrantee; that is the proprietary-had not a right to issue it. But it would seem to me that where a warrant has been obtained by surprise upon the office, or by imposition, whether a part or the whole of the purchase money had been paid, it might be set aside. This is done by issuing a new warrant for the same land reciting the old as vacated. The judge therefore would not seem to have been correct in laying it down that a vacating warrant could not be supposed to'lmve issued where a part of the purchase money had been paid. An individual who has agreed to convey in consideration of payment to be made on giving the deed, the money not being paid, the deed cannot be called for; aud the person agreeing to convey would be justifiable in refunding any money which he might have received, and considering the agreement as annulled. This, when in the nature of the contract it is understood that the payment of the consideration is a condition precedent. But where a person had agreed to convey the land to another person, and was bound before any contract with this last, ■what could he do but refund ? An application is made to the land office, and a warrant obtained for a tract of land which turns out to be improved; this equity bars the warrant. What can the office do but refund and vacate ?
I think the judge also erred in his idea of the effect of a party refusing to produce papers alleged to be in his or her possession, and with regard to the existence and possession of which, there was evidence, as in this case; or refusing to *169 anstver on oath as to the possession of such papers. Such keeping back or refusing to answer ought to be taken as an acknowledgment of the possession; and as warranting an inference of their existence. The party in this case had spoken of papers, and on notice given refused to produce them, or to answer on oath as to the possession. This would justify an inference of all that is alleged to be contained in them,. On these grounds I give my opinion in favor of a new trial.
New trial awarded.