Judge Care,
delivered his opinion.
This is an appeal from a judgment of the Superior Court of Wood county, in an action of ejectment. The jury found a verdict for the defendants, and the Court granted a new trial, on the ground that tin? verdict was contrary to evidence. A bill of exceptions was filed to this opinion. On the second trial, the jury found for the plaintiff) and the Court rendered judgment. From this, the" appeal is taken.
It was objected in the argument, that the bill of exceptions, which purports to contain all the evidence, sets out, instead of the facts, what the witnesses swore to merely. Whether this be such a defect as would preclude the appellant from availing himself of his exceptions, I do not mean to decide; as I consider such decision unnecessary in this case.
The counsel for the appellant contended strongly, as a general doctrine, that in ejectment, where the verdict is for the defendant, the Court ought only in very extraordinary cases, to grant a new trial; because there is no change operated in the actual state of things, and the plaintiff may re-, new his action. These considerations, (as every application for a new trial is to the sound discretion of the Court,) would, no doubt, always have weight, and incline them to hold rather a stricter course towards plaintiffs in ejectments, moving for new trials, than towards defendants. *477 whose situation would be materially changed by a refusal; or towards parties in other actions, whose claims, such refusal might extinguish for ever. Still, if in the opinion of the Court, the verdict, in favor of a defendant in ejectment, was founded in mistake, and produced injustice, it would not only be the right, but the duty, of the Court, to grant a new trial; and not expose the plaintiff to the costs, the trouble and the hazard too, of a new action. Adams on Ejectment, 293, says, “the Courts will seldom grant a new trial in ejectment, when the verdict is for the defendant;” and he gives the reason which was assigned by the counsel. This, I think, is put rather more strongly, than the only case which he cites, authorises. That is the case of Clymer’s Lessee v. Littler, 1 W. Black. Rep. 345. On ejectment, verdict for the plaintiff. Motion for a new trial. Lord Mansfield, “It has been said, that in ejectment, the Court will not readily grant a new trial. It is true, where a verdict has been found for the defendant; but where the plaintiff has obtained a verdict, it is a great difference to the defendant, whether he has a new trial, or is forced to become plaintiff on a new ejectment. Ejectments are substituted for real actions, in which the title appeared upon the pleadings and gave no room for surprise. We should, therefore, rather lean to new trials in behalf of defendants, in ejectments, especially on the footing of surprise.” He adds, “ another good rule for granting or refusing new trials, is, that upon the w'hole, justice has not been, or has been, done, to the parties. Goodtitle on the demise of Alexander v. Clayton, 4 Burr. 2224. In an action of ejectment, a special jury had given a verdict for the plaintiff Motion for a new trial. Lord Mansfield, thought it a very strong case for a new trial. He said, “Its being an ejectment case is no reason at all against granting a new trial; for though a new ejectment may be brought, yet here will be a change of possession, by which the defendant will be a sufferer. This objection against granting a new trial, because a new ejectment may be *478 brought, has been over-ruled again and again.” It will be remarked, that though this was the case of a defendant asking a new trial, the observations of the Judge have a genera^ bearing. In Mitchell’s Lessee v. Mitchell, 4 Bin. 180, ejectment, the jury found for the defendant. A new trial was granted. Another verdict was found for the defendant, and the Judge, in the Court below, refused a new trial. An appeal was taken to the Supreme Court, and there, after full consideration, the Court was unanimous in granting another new trial. One reason assigned was, that the plaintiff would be barred by the statute of limitations, if put to a new action; but that which seemed principally to govern the Court, was, that there was ground to apprehend that the jury had erred. I have not thought it worth while to examine other authorities. The Court below certainly did not over-step the limits of their power, in granting the new trial. As to their discretion in the exercise of that power, if we look into the bill of exceptions, I think it proves it to have been sound; for we see there that two witnesses state, that the defendants themselves shewed the white oak, as Evans’s corner, and this was the great point in the cause. If we put the evidence out of view, we must presume that the Court did right, and this presumption is strengthened by the second verdict.
I am for affirming the judgment.
The other Judges concurred, and the judgment was affirmed.*

 The President, absent.